NEW-YORK,
May, 1836.

Elder
v.
Rouse.

---

ELDER <i>vs.</i> ROUSE.

Where, in a mortgage of property, a party *acknowledges his indebtedness* to another in a *sum certain,* and declares that for the purpose of *securing the payment* thereof, he transfers the property specified in the instrument, the creditor, on default of payment, may bring his action, and is not bound in the first instance to resort for satisfaction to the property. Whether a *pew* in a church be *real estate* or *personal property*— *Quere ?*

DEMURRER to declaration. On the 2d November, 1830, the defendant executed an instrument under seal, whereby, after reciting that he was *indebted* to the plaintiff in the sum of $100, he alleges that for securing the payment of that debt, with the interest thereof, he sells, transfers and assigns to the plaintiff all his right, title and interest of and in the unsold *pews* in the Presbyterian meeting-house in Cortland village, subject to the liens of the society thereon, by virtue of the contract made with him, under which the house was built. Then follows a *proviso,* that if he shall pay the $100, with interest, in one year, the transfer shall be void ; but in case of non-payment, the plaintiff to have power to take possession of the property, to sell it, and apply the avails in payment of the debt. On this instrument, the plaintiff declared generally *in debt* for the $100, with the interest thereof. The

defendant, after craving oyer and setting forth the instrument, demurred to the declaration, and the plaintiff joined in demurrer. The cause was argued at the last October term.

*S. Stevens,* for the defendant, insisted that the instrument declared on is a *mortgage* of *real estate,* and containing no express covenant for the payment of the money specified in it, the remedy of the mortgagor is confined to the real estate, and no action can be maintained against the person. 1 R. S. 738, § 139. No covenant can be implied in such case. *id.* §140. A *pew* in a church is real estate. *Ferard's Law of Fixtures,* 171. It descends to the *heir,* and for it the plaintiff may prescribe. 5 *T. R.* 296. Ejectment will lie for it. 3 *Paige,* 296. The defendant entered into no personal covenant to pay the money. *Salisbury* v. *Philips,* 10 *Johns. R.* 57. *Cro. Jac.* 282. But if the instrument be deemed a *mortgage of personal property,* there being no covenant to pay, the plaintiff cannot sue upon it until after a sale of the property and ascertaining a deficit. 11 *Wendell,* 106.

*Greene C. Bronson,* (attorney-general,) for the plaintiff. Here is an acknowledgement of indebtedness under seal, and on it the action lies. Debt lies for a sum certain, without a covenant to pay. *Comyn's Dig. tit. Debt, A.* 4. *Viner's Abr. tit. Debt, G. pl.* 16, 17, *and K. pl.* 12. *Bacon's Abr. tit. Debt, A.* An acknowledgement of indebtedness in an unsealed instrument implies a promise to pay. 10 *Wendell,* 675. This is not a mortgage of real estate. A *pew* in a church is not real estate; it is *personal property*—a mere *chattel interest*—which descends to the heir, in the nature of an heir-loom, by *special custom,* and not by the common law. 2 *Black. Comm.* 428. *Toller's Law of Ex'rs,* 200. The seizin and possession of the church are in the trustees, and not in the owners of pews. 9 *Johns. R.* 147. 5 *Cowen,* 494. The provision in the revised statutes does not apply to this case; it refers to mortgages of *lands.*

*Stevens,* in reply. The trustees of a church represent all the owners, and for that reason are deemed to have the seizin

and possession of the edifice ; still the right to a *pew* descends from the owner to his heir. How is a pew personal property ? Is it moveable ? The most that can be said is that it is a *chattel real*, and that is as much within the statute as are *lands*. 1 *R. S.* 750, § 10. But if it is *personal property*, there is no covenant to pay. A naked acknowledgment of indebtedness would give a right of action ; but when a specific remedy is given, it alone can be pursued. ,

*By the Court,* NELSON, J. It is not material in this case to decide whether the interest of a pew-holder, in a house of public worship, is real or personal estate under the act incorporating religious societies in this state, 2 *R. S.* 292, 2 *Black. Com.* 428, *Toller's Ex'rs.* 200, 1 *Bac. Abr.* 601, 5 *Cowen*, 496, 3 *Paige*, 302, 1 *Pick.* 104, 3 *id.* 346, 9 *Johns. R.* 147, as we are satisfied upon an examination of the instrument, that there is upon its face, what may be deemed an express covenant by the defendant to pay the debt within the statute, 1 *R. S.* 738, § 139. It is apparent also, it was not the intent of the parties that the plaintiff should in the first instance seek a remedy against the property. There is nothing in the mortgage indicating the necessity of such a step before a resort to the person ; on the contrary, the whole instrument shows the object of it was simply to secure the payment of the debt.

Where one person acknowledges, by deed or otherwise, a certain sum to be due to another, an action of debt or assumpsit, as the case may be, will lie to recover it. 2 *Bac. Abr.* 279. *Vin. Abr. Debt, K. pl.* 12 ; *G. pl.* 16, 17. 2 *Cowen*, 536. 10 *Wendell*, 675. The language is equivalent to a formal covenant or promise, and the appropriate action would lie without the allegation of either : they being implied. The acknowledgement of the indebtedness itself creates a legal liability sufficient to sustain the action, 1 *Chitty*, 101, 2, 299, 346, and the admission in this case is as broad as that contained in a single bond. The case in this respect differs from *Brisco v. King, Cro. Jac.* 281, and *Sailsbury v. Philips*, 10 *Johns. R.* 57. In the first of those cases the sale was an absolute one, and so intended upon the face of it, with a defeasance or right of redemption, and this merely for the benefit of the feoffor ; in the

other, the terms of the instrument clearly imported that upon neglect to pay the money, the assignee was to sell the interest in the lease, and in that way refund himself. Here the debt is acknowledged to be due upon the face of the instrument, and the property is transferred simply for the purpose of securing its payment.

Assuming the instrument to be a mortgage of *personal property*, there is no pretence for saying that the plaintiff is bound to sell the property first, and can sue only for a deficit. The remedy by action to recover the debt after default, exists in full force, unless taken away by a stipulation in the mortgage, which is not to be found here.

The plaintiff, I am of opinion, has shown a good cause of action, and is entitled to judgment.