CATHARINE SMITH, as Executrix of the Last Will and Testament of Margaret A. Robins, deceased, Appellant, *against* GEORGE SAMUEL RICE, Respondent.

(Decided January 21st, 1884.)

Under the statutory provisions that "no mortgage shall·be construed as implying a covenant for the payment of the sum intended to be secured, and where there shall be no express covenant for such payment, contained in the mortgage, and no bond or other separate instrument to secure such payment shall have been given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage" (1 R. S. 738 § 139), where a mortgage of lands is given not containing such covenant, and without any such bond or other separate instrument, the mortgagor is not liable unless the instrument discloses an intention on the part of the contracting parties to secure to the mortgagee a claim against him personally. Such intention cannot be inferred from the circumstance that the mortgage is given to secure part of the purchase money of the mortgaged property, upon a sale of it by the mortgagee to the mortgagor ; nor is a recital in such a mortgage that the mortgagor "is justly bound" to the mortgagee in a certain sum, such an admission of indebtedness as to make the mortgagor personally liable.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The action was brought by plaintiff, as executrix, to recover the sum of $2,000, part of the purchase money of land sold by her testatrix to defendant, to secure the payment of which sum defendant had executed and delivered to the testatrix a mortgage of the property so purchased by him. The mortgage was in the form commonly known as "mortgage without bond," as follows :

"This indenture, made the thirty-first day of July, in the year one thousand eight hundred and seventy-one, between George Samuel Rice, of Tarrytown, Westchester County, and State of New York, party of the first part, and Margaret A. Robins, wife of William Robins, formerly of Yorktown, county and state aforesaid, now of New York city, party of the second part :

"Whereas, the party of the first part is justly bound to

the party of the second part in the sum of two thousand dollars, to be paid to her on the seventh day of August, which will be in the year one thousand eight hundred and seventy-four, with interest thereon from the seventh day of August, 1871, at the rate of seven per centum per annum, payable semi-annually, on the seventh days of February and August in each year, until said principal sum shall be fully paid, with the privilege, nevertheless, to the party of the first part of paying the said sum of money, and of thereby discharging this mortgage at any time previous to the said seventh day of August, 1874.

"Now this indenture witnesseth, That the said party of the first part, for the better securing the payment of the said sum of money, according to the true intent and meaning hereof, and also for and in consideration of the sum of one dollar, to him in hand paid by the said party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, released, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, release, convey and confirm unto the said party of the second part, and to her heirs and assigns forever, all that certain lot, piece or parcel of land situate, lying and being in Yorktown, county of Westchester, and state aforesaid, bounded and described as follows," describing the land by courses and distances, &c., and as "being the same premises that were conveyed to the party of the first part by the party of the second part and her said husband, by deed bearing even date and delivered simultaneously herewith, this mortgage being given as a part of the consideration in said deed aforesaid; together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in and to the same, and every part and parcel thereof, with

the appurtenances, to have and to hold the above granted, bargained and described premises, with the appurtenances, unto the said party of the second part, her heirs and assigns, to her and their own proper use, benefit and behoof forever; provided always, and these presents are upon this express condition, that if the party of the first part, or his heirs, executors or administrators, shall well and truly pay unto the party of the second part, her executors, administrators or assigns, the said sum of money and the interest thereon at the times and in the manner aforesaid, then these presents and the estate hereby created shall cease, determine and be null and void. And if default shall be made in the payment of the said sum of money above mentioned, or the interest that may grow due thereon, or of any part thereof, that then and from thenceforth it shall be lawful for the said party of the second part, her executors, administrators and assigns, to enter into and upon all and singular the premises hereby granted, or intended so to be, and to sell and dispose of the same, and all benefit and equity of redemption of the said party of the first part, his heirs, executors, administrators or assigns therein, at public auction, according to the act in such case made and provided. And as the attorney of the said party of the first part, for that purpose by these presents duly authorized, constituted and appointed, to make and deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds of conveyance in the law for the same, in fee simple, and out of the money arising from such sale to retain the principal and interest which shall then be due hereupon, together with the costs and charges of advertisement and sale of said premises, rendering the overplus of the purchase money (if any there shall be) unto the said party of the first part, or his heirs, executors, administrators or assigns; which sale, so to be made, shall forever be a perpetual bar, both in law and equity, against the said party of the first part, his heirs and assigns, and all other persons claiming or to claim the premises, or any part thereof, by, from or under them or either of them."

At the trial the complaint was dismissed, and judgment for defendant was entered thereon. From the judgment plaintiff appealed.

*Edward C. Ripley,* for appellant.

*E. T. Rice,* for respondent.

VAN HOESEN, J.—The case of *Elder* v. *Rouse* (15 Wend. 218) has never been overruled, and it may be conceded to be a correct exposition of the statute (1 R. S. 738 § 139), which provides that " no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured; and where there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such payment shall be given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage." In *Elder* v. *Rouse,* Judge NELSON said that an unqualified admission of indebtedness by the mortgagor was equivalent to an express covenant, and that upon such an acknowledgment an action might be maintained. The decisions that have been made by our courts since *Elder* v. *Rouse* was decided, whilst recognizing the authority of that case, have uniformly been that an admission of indebtedness must be made in unequivocal terms, and would not be inferred from the fact that the mortgagor intended, by executing a mortgage, to secure the payment of some debt due to the mortgagee. The debt must be due from the mortgagor to the mortgagee, and it must be collectible without a foreclosure of the mortgage, in order to entitle the mortgagee to a personal judgment against a mortgagor who has given no bond, and who has not expressly covenanted to pay the amount for which the mortgage is a security (*Hone* v. *Fisher,* 2 Barb. Ch. 559; *Coleman* v. *Van Rensselaer,* 44 How. Pr. 368; *Brandreth* v. *Sandford,* 1 Duer 405; *Gaylord* v. *Knapp,* 15 Hun 87; *Austin* v. *Mack,* 29 Hun 534; *Culver* v. *Sisson,* 3 N. Y. 264).

Smith *v.* Rice.

In *Gaylord* v. *Knapp* and in *Austin* v. *Mack*, it is said that the debt, the existence of which is acknowledged, must be one which the mortgage did not create. Without either adopting that view or rejecting it, I think that we are bound to give effect to the statute by holding that where there is neither a bond nor an express covenant to pay the mortgage debt, the mortgagor is never liable unless the instrument discloses an intention on the part of the contracting parties to secure to the mortgagee a claim against him personally. An admission of indebtedness is usually an admission that an obligation exists on the part of the person who makes it to pay the debt, but circumstances may show that it does not carry with it any personal liability.

It is said in Bacon's Abridgement (vol. 5, marg. p. 157, "Of Obligations"), that "Any words which declare the intention of the party and denote his being bound will create an obligation." Bacon then gives a number of examples of words that have been held sufficient to bind a party in an action of debt. Thus, "This bill witnesseth that I have borrowed 10 pounds of A. B.;" or, "Memorandum that I owe A. B. 10 pounds;" or, "Memorandum that, all things being reckoned and accounted between A. B. and C. D., A. B. acknowledges that he owes C. D. 10 pounds;" or, "I am content to give A. B. 10 pounds at Lady Day," have been adjudged to import a promise to pay on which an action of debt could be maintained.

These admissions were all made with the intention of striking a balance between the parties, that both of them might know what one of them owed the other; and it is a fair inference that a man intends to pay an acknowledged debt. But no inference of an intention to make a mortgage a personal charge upon himself can properly be drawn from the circumstance that a man gives a mortgage to secure a part of the purchase money of land that he buys. The statute clearly recognizes the fact that a mortgagee has the land to resort to, and it declares that that shall be his only resource, unless he exacts an express promise from the mortgagor to pay the debt.

Smith *v.* Rice.

In the absence of a bond and of a covenant, the presumption is that the mortgagor does not intend to make himself personally liable ; and the burden lies upon the mortgagee of proving that it was the intention of the mortgagor to assume responsibility for the payment of the mortgage debt, and thus relieve the mortgagee from the duty of looking to the land for his money.

In *Elder* v. *Rouse* the court discovered such an intention on the part of the mortgagor, and the facts of that case (which are not fully stated in the published volume) doubtless warranted the decision that was made; but here we have a different state of affairs presented to us. It is evident that the mortgage is a purchase money mortgage, and that the recital that the defendant "is justly bound in the sum of $2,000 " to the mortgagee, instead of being an admission of indebtedness, made with a view of adjusting the accounts between himself and the mortgagee, was nothing more than an explanation of the reason for giving a mortgage for that amount on the land. Various other clauses in the mortgage are referred to by the learned counsel for the appellant, but they all fail to import any admission that the defendant intended to make himself personally liable for the purchase money.

The judgment should be affirmed, with costs.

J. F. DALY and BEACH, JJ., concurred.

Judgment affirmed, with costs.