MARY A. HATCH, Respondent, *v.* MATILDA GILLETTE, as Executrix, etc., of CALEB W. BISHOP, Deceased, Appellant.

*Contract — instrument acknowledging an indebtedness — direction to representatives to pay at death.*

In an action brought upon the following written instrument, executed by the defendant's testator:

"$1,000.                                             PENN YAN, *July* 23, 1883.

"At my death I request to be paid to Mary A. Chase one thousand dollars for value received if she is my wife this note is void if I should die before she is my wife this is to be paid in full with interest this is to be paid before anything else.

                                                      "C. W. BISHOP."

The plaintiff, who was the Mary A. Chase mentioned in the instrument, alleged, in her complaint, that the instrument was made and delivered by the maker of it to her for a good and valuable consideration; that she did not become his wife, and that the defendant, his executrix, declined to recognize her claim.

To this complaint the defendant interposed a demurrer.

*Held,* that the instrument was not a promissory note;

That it might, however, be treated as though the testator had, by words to that effect, for a valuable consideration, charged himself with the obligation to pay the sum mentioned therein, which imported that the testator owed the plaintiff the sum mentioned, and was equivalent to a promise to pay, and constituted a claim which the defendant was bound to recognize as valid and to pay if she had assets sufficient to do so.

APPEAL by the defendant, Matilda Gillette, as executrix, etc., of Caleb W. Bishop, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Yates on the 25th day of March, 1896, upon the decision of the court rendered after a trial at the Yates Special Term overruling the defendant's demurrer to the complaint.

*M. A. Leary*, for the appellant.

*Huson & Dwelle*, for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of BRADLEY, J., delivered at Special Term, with leave to defendant to withdraw the demurrer and to answer upon the payment of the costs of the demurrer and of this appeal.

All concurred.

The opinion of BRADLEY, J., delivered at Special Term, was as follows:

BRADLEY, J.:

The action is upon a written instrument executed by the defendant's testator, of which the following is a copy, to wit:

"$1,000.                              PENN YAN, *July* 23, 1883.

"At my death I request to be paid to Mary A. Chase one thousand dollars for value received if she is my wife this note is void if I should die before she is my wife this is to be paid in full with interest this is to be paid before anything else.

"C. W. BISHOP."

The plaintiff, who is the Mary A. Chase mentioned in the instrument, alleges in her complaint that such instrument was made and delivered by the maker of it to her for a good and valuable consideration; that she did not become his wife; that his death was followed by probate of his will and the issuance of letters testamentary to the defendant, who declined to recognize the alleged claim of the plaintiff, but rejected it and refused to refer the matter.

The question presented is not entirely free from doubt. The paper, in terms, contains no express promise to pay. It is urged on the part of the defendant that the request and direction expressed by the testator import a testamentary gift and that such is the effect to which the instrument is entitled. That contention is not supported, if, by its terms, a promise is implied, because it is alleged that it was made for a valuable consideration. The main question, therefore, is whether or not the testator by it promised that the amount be paid to the plaintiff at or after his death. The paper, in any view, is not a promissory note. But the fact that it is not such is

not important, if it contains a promise to pay the plaintiff the sum mentioned, since it not only states that it was made for value received, but it is alleged to have been, for a valuable consideration, executed and delivered by the testator to the plaintiff. If it may be so construed as to import a promise of the testator to pay such sum to her, the instrument may be treated as the undertaking of the maker that the sum be paid at his death and that his estate be charged with the payment of it. (*Worth* v. *Case*, 42 N. Y. 362; *Carnwright* v. *Gray*, 127 id. 92.) His intention, as there manifested, was that it should be then and so paid. And it may be observed that he not only requested, but *directed*, that it be then paid, and this was founded upon a consideration received by him, the testator. The direction to pay at his death was, in practical effect, addressed to his personal representative to pay after his decease. And I think it may be treated as if he had, by words to that effect expressed in an instrument, charged himself with the duty to pay a sum certain for a valuable consideration received by him. Thus viewed, it imports that he owed the plaintiff the sum mentioned. This acknowledgment of indebtedness is equivalent to a promise to pay such sum to her. (*Elder* v. *Rouse*, 15 Wend. 218; *Kimball* v. *Huntington*, 10 id. 675.)

If these views are correct, the complaint alleges an undertaking of the testator to pay the plaintiff a debt which the defendant is required to recognize as valid and pay, if she has assets with which to do so.

And the demurrer should be overruled, with leave to the defendant to answer over within twenty days, on payment of the costs of this demurrer.