HIRAM W. HUNT, Respondent, *v.* GEORGE D. PATTEN, JR., Appellant, Impleaded with Others.

*Complaint alleging a conversion, but sounding in contract and not in tort — liability created by an admission.*

A complaint which alleges the conversion of certain railroad bonds belonging to the plaintiff, and immediately follows such allegation by a statement that afterwards the defendants executed an instrument under seal whereby they acknowledged their indebtedness to the plaintiff for said bonds, and promised and agreed to pay him therefor a specified sum, but that they had paid only part thereof, and which demands judgment for the balance, with interest, making no allegations of damages and seeking only to recover the amount due under the agreement, states a cause of action on contract and not in tort.

Where a sealed agreement recites that the party to whom it is given is entitled to receive, from three other parties subscribing the same, certain railroad bonds, or the value thereof, with interest, and two of the subscribers enter into a covenant to pay the value of such bonds, the third subscriber, although he makes no express covenant as to payment, still makes thereby an acknowledgment which is a good admission of his liability and authorizes the recovery of a judgment against him.

APPEAL by the defendant, George D. Patten, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of June, 1898, upon the decision of the court rendered after a trial at the Kings County Trial Term before the court without a jury.

*Lewis F. Wilson*, for the appellant.

*Freling H. Smith* [*H. W. Simpson* with him on the brief], for the respondent.

CULLEN, J. :

We are of opinion that this action is on contract and not for tort. The complaint alleges that the defendants converted certain railroad bonds belonging to the plaintiff. This is averred merely as a matter of inducement, for it is followed by an allegation that afterwards the defendants executed an agreement under seal whereby they acknowledged their indebtedness to the plaintiff for said bonds and promised and agreed to pay him therefor the sum of $23,600, with interest from the 1st day of November, 1888. There is then the further allegation that the defendants have paid the plaintiff on account of said sum only the sum of $8,400, and judgment is demanded for the difference or balance, with interest from November 1, 1888. There is no allegation of damages, nor does the complaint seek to recover such, but only the amount due under the agreement.

On the trial of the action the only evidence offered on either side was the sealed agreement referred to in the complaint, and the articles of copartnership between the plaintiff and the defendants. The sealed agreement recites that the plaintiff is entitled to receive from the defendants twenty railroad bonds of the value of $23,000, with coupons thereon amounting to $600, theretofore delivered by the plaintiff, or the value of said bonds and coupons, with interest from November 1, 1888. This recital is followed by a covenant on the part of the two defendants other than the appellant, to pay the plaintiff the value of the bonds. The agreement contains no express covenant on the part of the appellant to make any payment. On behalf of the plaintiff it is contended, on the authority of *Elder* v. *Rouse* (15 Wend. 218), that the express recognition of the debt is equivalent to a formal covenant or promise to pay. For the appellant it is contended that the principle of that case is not applicable to the present agreement, for the latter contains an express covenant on behalf of the defendants Alley and Dowd, and omits any on the part of Patten. We do not think it necessary to decide the question. Conceding that the acknowledgment of the debt is insufficient to constitute a covenant, still it is a good admission, and it was the only evidence on the subject. The appellant not producing any testimony to disprove the existence of the debt, we do not see why it was not sufficient to authorize the decision of the trial

court. The bearing or effect of the copartnership articles on the controversy is not apparent. The transaction may have been wholly outside of the conduct of the business of the firm, or the bonds may have been converted subsequent to the termination of the partnership and before the execution of the agreement. If there was any connection between the copartnership agreement and the transaction in suit, which would relieve the appellant from liability for the bonds, it was incumbent upon him to show it.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.