HUNT v. PATTEN et al.

(Supreme Court, Appellate Division, Second Department. October 25, 1898.)

1. ACTION ON CONTRACT.

A complaint alleged that defendants converted plaintiff's bond; that afterwards defendants, in writing, acknowledged their indebtedness therefor, and agreed to pay; that defendants had paid a certain sum on account; and demanded judgment for the balance. *Held*, that the action was on contract, and not in tort.

2. SAME—ADMISSION OF DEBT.

A sealed agreement acknowledging a debt, agreeing to pay it, and signed by the defendants, did not contain a covenant of payment on the part of one of them. In an action on the instrument, *held* that, though the agreement was not a covenant as to such defendant, it was an admission of debt, on which plaintiff could recover, in the absence of evidence to disprove the debt.

Appeal from trial term.

Action by Hiram W. Hunt against William S. Alley, William B. Dowd, and George D. Patten, Jr. There was judgment for the plaintiff, from which defendant Patten appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Lewis F. Wilson, for appellant.

Freling H. Smith, for respondent.

CULLEN, J. We are of opinion that this action is on contract, and not for tort. The complaint alleges that the defendants converted certain railroad bonds belonging to the plaintiff. This is averred merely as a matter of inducement, for it is followed by an allegation that afterwards the defendants executed an agreement under seal, whereby they acknowledged their indebtedness to the plaintiff for said bonds, and promised and agreed to pay him therefor the sum of $23,600, with interest from the 1st day of November, 1888. There is, then, the further

allegation that the defendants have paid the plaintiff on account of said sum only the sum of $8,400, and judgment is demanded for the difference or balance, with interest from November 1, 1888. There is no allegation of damages, nor does the complaint seek to recover such, but only the amount due under the agreement.

On the trial of the action, the only evidence offered on either side was the sealed agreement referred to in the complaint, and the articles of co-partnership between the plaintiff and the defendants. The sealed agreement recites that the plaintiff is entitled to receive from the defendants 20 railroad bonds of the value of $23,000, with coupons thereon, amounting to $600, theretofore delivered by the plaintiff, or the value of said bonds and coupons, with interest from November 1, 1888. This recital is followed by a covenant on the part of the two defendants other than the appellant to pay the plaintiff the value of the bonds. The agreement contains no express covenant on the part of the appellant to make any payment. On behalf of the plaintiff it is contended, on the authority of Elder v. Rouse, 15 Wend. 218, that the express recognition of the debt is equivalent to a formal covenant or promise to pay. For the appellant it is contended that the principle of that case is not applicable to the present agreement, for the latter contains an express covenant on behalf of the defendants Alley and Dowd, and omits any on the part of Patten. We do not think it necessary to decide the question. Conceding that the acknowledgment of the debt is insufficient to constitute a covenant, still it is a good admission, as it was the only evidence on the subject. The appellant not producing any testimony to disprove the existence of the debt, we do not see why it was not sufficient to authorize the decision of the trial court. The bearing or effect of the co-partnership articles on the controversy is not apparent. The transaction may have been wholly outside of the conduct of the business of the firm, or the bonds may have been converted subsequent to the termination of the partnership, and before the execution of the agreement. If there was any connection between the co-partnership agreement and the transaction in suit which would relieve the appellant from liability for the bonds, it was incumbent upon him to show it.

The judgment appealed from should be affirmed, with costs. All concur.