STADERMANN v. HEINS.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. CLAIM AGAINST DECEDENT—EVIDENCE OF INDEBTEDNESS.

An instrument signed merely by deceased reciting "I, * * * being of sound mind, desire S., for her sacrifices day and night and diligent nursing for me, to receive $250," while prima facie an evidence of indebtedness, is shown not to be by the fact that S. had no connection with its execution, and was at the time engaged in nursing deceased at an agreed rate per week.

**2. SAME—PROOF FURNISHED BY DEFENDANT.**

Where a complaint alleges that deceased promised to pay plaintiff $250 for her services as nurse, and there is no plea or proof of payment, and at the end of plaintiff's case the production of an instrument signed by deceased establishes prima facie that plaintiff is entitled to receive the amount, and this is overcome only by evidence of defendant showing on what terms plaintiff was doing the nursing and that she had earned $32, she is entitled to judgment for that amount, the proof being in for every legitimate purpose.

Appeal from judgment on report of referee.

Action by Susanna Stadermann against Henry Heins, executor of Louisa Schmidt, deceased. From a judgment dismissing the complaint on the report of a referee, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Cooper, for appellant.

Richard M. Burns (John C. Kinkel, on the brief), for respondent.

HIRSCHBERG, J. This action is brought to recover for services rendered by the plaintiff to defendant's decedent as a nurse, in the months of March and April, 1901. The plaintiff's claim was rejected by the executor, but the parties could not agree upon a reference. The action, when at issue, was duly referred, however, and on the decision of the referee the complaint was dismissed, with costs. The complaint alleges that the deceased promised to pay the plaintiff the sum of $250 for her services as nurse. The answer is a general denial. On the trial it was proved that the plaintiff rendered the services from the 20th or 21st of March, 1901, until the death of the decedent upon the second day of April following, but no proof was made of the value of the services. The plaintiff sought to prove the promise to pay, alleged in the complaint, by the production of the following document, which the deceased executed on the day of its date, viz.:

"March 31st, 1901.

"I, Louisa Schmidt, being of sound mind, desire that Mrs. Susanna Stadermann, for her sacrifices day and night and diligent nursing for me, receive two hundred and fifty dollars after my death.  Louisa Schmidt."

There was no proof of a delivery of the document. The plaintiff originally agreed with the deceased to nurse her for the sum of $1 a day, and on or about the 27th of March the arrangement was changed, and the sum of $25 a week was agreed upon as the compensation to be paid thereafter. The proof of the making of these agreements was furnished by the defendant, and was offered for the purpose of showing that the document in question was not intended as a measure of the legal obligation incurred by the deceased in the employment of the plaintiff as nurse. The plaintiff does not appear to have been connected with the execution of the document in any way. It cannot be regarded as a promissory note (Hatch v. Gillette, 8 App. Div. 605, 40 N. Y. Supp. 1016), but must be considered either as evidence of a debt or as a testamentary disposition. The circumstances negative the idea that the instrument is an admission or evidence of indebtedness. The plaintiff was rendering services to the deceased at the time it was executed, at an agreed rate of compensation, the right to which she

did not agree to abandon or forego, and the deceased could not of her own will substitute any other sum as compensation. In other words, had she lived until the agreed compensation exceeded the sum of $250, her estate would still be liable to pay the larger sum under the existing contract. Nor does the language of the document import that it was designed as a substitute for the contract. It merely expresses a desire that the sum named shall be paid after her death. In Gallagher v. Brewster, 153 N. Y. 364, 47 N. E. 450, it was held that a somewhat similar instrument which directed the executors to pay a stated sum possessed no binding force as an obligation, but that, inasmuch as it expressed a consideration and acknowledged an indebtedness for the amount, it was competent evidence tending to prove the existence of a valid debt. The court said (page 368, 153 N. Y., page 451, 47 N. E.):

"The memorandum did not constitute a contract or promise upon which an action could be maintained. It purported to be neither an agreement nor a promise. It was simply a direction addressed to his executors for their guidance, and, being outside of the will and an unattested instrument, had no legal or binding force either as a direction or an obligation. But as an admission it was competent evidence, although the testator retained it in his possession."

In that case there was no independent contract providing a measure of compensation for the services rendered, as there was here. There the instrument was accepted as evidence of the existence of a debt. Here it is to be received as something in addition to an undoubted debt. It is evidence that, in addition to whatever contract obligation the deceased had assumed, and which by the terms of the contract was to be measured by the period of service, she desired that when she died the plaintiff should also receive a fixed sum as a benefaction or gratuity not dependent upon the contract or the length of service. The physician by whom the instrument was prepared for the deceased corroborates this view, for he testified as to his instructions that "she [the deceased] said that Mrs. Stadermann had been very good to her, and that she was willing to give her a certain amount of money. I asked her what amount, and she told me $250." On the whole case it is impossible to view the instrument in question as either a substitute for the agreement then existing between the parties, or as controlling evidence of the terms under which the plaintiff was working, or of the amount which would be due as a debt when the deceased should die. The cases cited by the appellant other than those already referred to are cases where a binding obligation was created by the individuals whose estate was sought to be charged, either by way of the execution of a promissory note or otherwise, and they manifestly have no application.

As a testamentary disposition the document is valueless. It may be conceded that the deceased earnestly desired that the plaintiff should have the money in question upon her death, that the desire was prompted by the plaintiff's kindness and tender nursing, and that she supposed her written request would result in the accomplishment of her desire; but the court cannot carry out the wish without doing violence to settled rules of law.

I think, however, that the plaintiff was entitled to judgment for the contract price. There was no plea of payment, and no proof of pay-

ment. The action was not brought in terms upon the written instrument, but was generally for the value of the services rendered. The complaint alleged that the deceased agreed to pay $250, and at the close of the plaintiff's case the production of the document established prima facie that the plaintiff was entitled to recover the amount sued for. Gallagher v. Brewster, supra. When the defendant destroyed the value of the document as evidence of a debt by proof that the plaintiff had been engaged and was working at a stipulated price, and that therefore some other construction must be given to the paper, the proof made by the defendant was in the case for every legitimate purpose, and it fixed the amount of the plaintiff's claim under the contract at the sum of $32 and interest, for which she was entitled to judgment. As the amount is not sufficient to carry costs, the judgment should be modified by deducting this amount, and, as so modified, affirmed, without costs of this appeal. All concur.