SUSANNA STADERMANN, Appellant, *v.* HENRY HEINS, as Executor, etc., of LOUISA SCHMIDT, Deceased, Respondent.

*Action for services as nurse — proof of the value thereof by an undelivered writing executed by the patient — it does not prevail over or destroy other proof as to a previous contract of employment — it is not a good testamentary disposition.*

The complaint in an action brought against an executor to recover for services rendered by the plaintiff to the defendant's decedent as a nurse alleged that the decedent promised to pay the plaintiff the sum of $250 for her services. The answer was a general denial. On the trial the plaintiff proved that she rendered services from the 20th or 21st of March, 1901, until the death of the decedent, which occurred on April 2, 1901, but no proof was made of the value of the services.

The plaintiff, in order to prove the promise to pay alleged in the complaint, produced the following document executed by the decedent:

"*March* 31*st*, 1901.

"I, Louisa Schmidt, being of sound mind, desire that Mrs. Susanna Stadermann, for her sacrifices day and night and diligent nursing for me, receive two hundred and fifty dollars after my death.    LOUISA SCHMIDT."

This document was not shown to have been delivered.

The defendant, in order to show that the document was not intended as a measure of the legal obligation of the deceased, then proved that the plaintiff originally agreed to nurse the decedent for the sum of one dollar a day, and that on or about the twenty-seventh of March the arrangement was changed and the sum of twenty-five dollars a week was agreed upon as the compensation to be paid thereafter.

*Held,* that, as it appeared that, at the time the document in question was executed, the plaintiff was rendering services to the decedent at an agreed rate of compensation, the right to receive which she did not agree to abandon, such document could not be construed as an admission or evidence of indebtedness;

That, as a testamentary disposition, the document was valueless;

That, as the action had not been brought in terms upon the written instrument, but was generally for the value of the services rendered, the plaintiff was entitled to recover for her services the sum fixed by the contract under which she was working at the time the document was executed;

That the complaint should not have been dismissed.

APPEAL by the plaintiff, Susanna Stadermann, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 10th day of June, 1902, upon the report of a referee.

*Henry Cooper,* for the appellant.

*Richard M. Bruno* [*John C. Kinkel* with him on the brief], for the respondent.

HIRSCHBERG, J. :

This action is brought to recover for services rendered by the plaintiff to defendant's decedent as a nurse, in the months of March and April, 1901. The plaintiff's claim was rejected by the executor, but the parties could not agree upon a reference. . The action when at issue was duly referred, however, and on the decision of the referee the complaint was dismissed, with costs. The complaint alleges that the deceased promised to pay the plaintiff the sum of $250 for her services as nurse. The answer is a general denial. On the trial it was proved that the plaintiff rendered the services from the . 20th or 21st of March, 1901, until the death of the decedent upon the second day of April following, but no proof was made of the value of the services. The plaintiff sought to prove the promise to pay alleged in the complaint by the production of the following document which the deceased executed on the day of its date, viz. :

*" March 31st,* 1901.

" I, Louisa Schmidt, being of sound mind, desire that Mrs. Susanna Stadermann for her sacrifices day and night and diligent nursing for me, receive two hundred and fifty dollars after my death.

"LOUISA SCHMIDT."

There was no proof of a delivery of the document. The plaintiff originally agreed with the deceased to nurse her for the sum of one dollar a day, and on or about the twenty-seventh of March the arrangement was changed and the sum of twenty-five dollars a week was agreed upon as the compensation to be paid thereafter. The proof of the making of these agreements was furnished by the defendant, and was offered for the purpose of showing that the document in question was not intended as a measure of the legal obligation incurred by the deceased in the employment of the plaintiff as nurse. The plaintiff does not appear to have been connected with the execution of the document in any way. It cannot be regarded as a promissory note (*Hatch* v. *Gillette,* 8 App. Div. 605), but must be considered either as evidence of a debt or as a testamentary disposition.

The circumstances negative the idea that the instrument is an admission or evidence of indebtedness. The plaintiff was rendering

services to the deceased at the time it was executed at an agreed rate of compensation, the right to which she did not agree to abandon or forego, and the deceased could not of her own will substitute any other sum as compensation. In other words, had she lived until the agreed compensation exceeded the sum of $250, her estate would still be liable to pay the larger sum under the existing contract. Nor does the language of the document import that it was designed as a substitute for the contract. It merely expresses a desire that the sum named shall be paid after her death. In *Matter of Gallagher* (153 N. Y. 364) it was held that a somewhat similar instrument which directed the executors to pay a stated sum, possessed no binding force as an obligation, but that inasmuch as it expressed a consideration and acknowledged an indebtedness for the amount, it was competent evidence tending to prove the existence of a valid debt. The court said (p. 368): " The memorandum did not constitute a contract or promise upon which an action could be maintained. It purported to be neither an agreement nor a promise. It was simply a direction addressed to his executors for their guidance, and being outside of the will and an unattested instrument, had no legal or binding force either as a direction or an obligation. But as an admission it was competent evidence, although the testator retained it in his possession." In that case there was no independent contract providing a measure of compensation for the services rendered, as there was here. There the instrument was accepted as evidence of the existence of a debt. Here it is to be received as something in addition to an undoubted debt. It is evidence that in addition to whatever contract obligation the deceased had assumed and which by the terms of the contract was to be measured by the period of service, she desired that when she died the plaintiff should also receive a fixed sum as a benefaction or gratuity not dependent upon the contract or the length of service. The physician by whom the instrument was prepared for the deceased corroborates this view, for he testified as to his instructions that " she " — the deceased — " said that Mrs. Stadermann had been very good to her and that she was willing to *give her* a certain amount of money. I asked her what amount and she told me $250." On the whole case it is impossible to view the instrument in question as either a substitute for the agreement then existing between the

parties or as controlling evidence of the terms under which the plaintiff was working, or of the amount which would be due as a debt when the deceased should die. The cases cited by the appellant other than those already referred to are cases where a binding obligation was created by the individuals whose estate was sought to be charged, either by way of the execution of a promissory note or otherwise, and they manifestly have no application.

As a testamentary disposition the document is valueless. It may be conceded that the deceased earnestly desired that the plaintiff should have the money in question upon her death, that the desire was prompted by the plaintiff's kindness and tender nursing, and that she supposed her written request would result in the accomplishment of her desire, but the court cannot carry out the wish without doing violence to settled rules of law.

I think, however, that the plaintiff was entitled to judgment for the contract price. There was no plea of payment and no proof of payment. The action was not brought in terms upon the written instrument, but was generally for the value of the services rendered. The complaint alleged that the deceased agreed to pay $250, and at the close of the plaintiff's case the production of the document established *prima facie* that the plaintiff was entitled to recover the amount sued for. (*Matter of Gallagher, supra.*) When the defendant destroyed the value of the document as evidence of a debt by proof that the plaintiff had been engaged and was working at a stipulated price, and that, therefore, some other construction must be given to the paper, the proof made by the defendant was in the case for every legitimate purpose, and it fixed the amount of the plaintiff's claim under the contract at the sum of $32 and interest, for which she was entitled to judgment. As the amount is not sufficient to carry costs, the judgment should be modified by deducting this amount, and as so modified affirmed, without costs of this appeal.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment modified in accordance with opinion of HIRSCHBERG, J., and as modified affirmed, without costs of this appeal.