In the Matter of the Claim of PHILIP E. GALLAGHER, Appellant, *v.* THE ESTATE OF NATHAN BREWSTER, Deceased, Respondent. ·

1. DECEDENT'S ESTATE — MEMORANDUM MADE BY DECEDENT AS ADMISSION OF DEBT.　A memorandum made by a decedent, retained in his possession and found deposited with his will, directing his executors to pay the person named therein a certain sum, followed by the words, "I owe him that," but not stating any particular consideration, although it has no legal or binding force either as a direction or as an obligation is competent evidence against the decedent's estate in favor of the person named therein, as an admission of a valid debt for the sum stated.

2. PROOF OF LIABILITY OF DECEDENT.　Where the person named in such a memorandum makes a claim against the decedent's estate in the sum stated therein, for services rendered the decedent, which is contested and the oral· proof shows the rendition of services which might create a liability on the part of the decedent to the claimant if so intended by the parties, but fails to show that they were rendered at the request of the decedent with the expectation of compensation, the memorandum may, in the absence of any other explanation, be connected by inference with the services and so furnish the element lacking in the oral proof.

*Matter of Gallagher*, 1 App. Div. 65, reversed.

(Argued June 11, 1897; decided June 22, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 4, 1896, which affirmed a judgment in favor of defendant entered upon the report of a referee.

Nathan Brewster died in 1893.　Philip E. Gallagher presented to his executor a claim against his estate for the sum of $500 for "services rendered the late Nathan Brewster since June, 1888, under his written acknowledgment of the said debt."　The executor, after the death of the decedent, found in his private box in the office of a safe deposit company the decedent's will and other papers, among which was a memorandum written and signed by him, as follows: "N. Y., June 15, 1891.　To my executor and executrix, Wm. B. Ogden and Lizzie Walton.　I have made a will and you are mentioned as above.　You will pay Philip E. Gallagher Five Hundred ($500.00) Dollars.　I owe him that.　He is my old friend and may be too modest to put in a claim."　This was the

acknowledgment referred to in the claim presented. The executors disputed the claim, and in February, 1894, it was referred to a referee. On the trial the memorandum was offered and received in evidence. The claimant was sworn and testified that he had known the decedent for fifteen years prior to his death, and for the last ten years they resided at the same hotel and were very intimate friends; that in the last five years the decedent had a number of spells of illness, and that he (the witness) was with him on most of these occasions, and during his last illness was with him day and night until he died. The claimant did not testify to any personal transactions with the decedent. He was incompetent to testify upon that subject. He called as a witness an intimate friend of both the claimant and the decedent, and he testified that Mr. Gallagher and Mr. Brewster were business men, and in their business and other relations were as intimate " as two men could possibly be ; " that during the last five years of his life Mr. Brewster was ill on several occasions ;. that he always called for Mr. Gallagher when he was ill, and that the latter showed him a great deal of attention. He further testified : " They always had business together; of course they had a good deal of private business which I never knew anything about and sometimes I never heard ; I knew of Mr. Gallagher attending to business matters for Mr. Brewster during these times that he was ill." On his cross-examination he testified that Mr. Gallagher's attentions to Mr. Brewster extended over five or six years ; that he was not ill prior to that time ; that he quite often had vertigo and would drop down in the street ; that Mr. Gallagher took Mr. Brewster to Lakewood one, two or three times when convalescent; four, five or six years before he died ; that Mr. Gallagher was a business man, possessing means, and was entirely independent in his manner of living.

The foregoing is the substance of the testimony given on the trial. No evidence was offered in behalf of the executors.

The referee made his report against the claimant and the judgment thereon was affirmed by the Appellate Division.

*F. H. Kellogg* for appellant. Where services are rendered under such circumstances as to authorize the party performing them to entertain a reasonable expectation of payment by the party soliciting their performance, a promise to pay for the services is implied by law. (*Davidson* v. *W. G. L. Co.*, 99 N. Y. 566; Story on Cont. § 12.) The written direction to his executors left by Mr. Brewster, to pay Mr. Gallagher $500, reads: "I owe him that." This is evidence of an existing debt. (*Bedell* v. *Carll*, 33 N. Y. 581; *Grymes* v. *Hone*, 49 N. Y. 17; *Little Rock* v. *F. S. R. Co.*, 35 Ark. 304.) This document, which is in the nature of a promissory note, is valid as an obligation if the direction to his executors to pay the $500 was equivalent to a promise to pay, and the transfer to the executors made them, by operation of law, trustees of Mr. Gallagher. (*Foote* v. *Valentine*, 48 Hun, 475; *In re Arkenburgh*, 13 Misc. Rep. 744.) The document was not set up as a basis of a contract; it was a concession of a fact on which the claimant relied to make out his case. If it did not prove a fact in the strict sense it was a waiver of proof, and it relieved the claimant from proving it, therefore, throwing the burden of disproving it on the executors. (1 Greenl. on Ev. § 27; Chamberlayne's Best on Ev. [8th ed.] 490; 2 Whart. on Ev. § 1075; *Buzzard* v. *McAnulty*, 77 Tex. 438; *Sonverbye* v. *Arden*, 1 Johns. Ch. 256.) In the present case, Brewster manifested his intention beyond all question; he confessed in his own handwriting and over his own signature that he owed Gallagher $500, and directed his executors to pay it and placed the writing with his will in his box in the safe deposit company, directed to them. His intention was so clearly expressed, and the justice of the claim so apparent, that it was a fraud in his executors to disappoint his intention. (*Byrne* v. *Godfrey*, 4 Ves. 9; *Brinckerhoff* v. *Lawrence*, 2 Sandf. Ch. 400; *Toner* v. *Taggart*, 5 Binn. 490; *Goodrich* v. *Walker*, 1 Johns. Cas. 253; Redf. on Surr. Prac. 64; *In re Gloucester*, 32 N. Y. S. R. 901; *In re Diez*, 50 N. Y. 88; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Costigan* v. *Gould*, 5 Den. 290; *De Freest* v. *Warner*,

98 N. Y. 217–221; *Wakeman* v. *Sherman,* 9 N. Y. 85.) The Brewster paper was admitted to be signed by him and to be in his handwriting; it was admitted in evidence by consent, and this being so, neither party after the trial can be heard to deny its competency. (*Steele* v. *Wood,* 78 N. C. 365.) The admissions of a decedent, made as to debts due by him, are evidence against his executors. (*Smith* v. *Smith,* 3 Bing. [N. C.] 29; *Jones* v. *Jones,* 21 N. H. 219; *Albert* v. *Ziegler,* 29 Penn. St. 163; *Cheeseman* v. *Kyle,* 15 Ohio St. 15; *Nash* v. *Gibson,* 16 Iowa, 305; *Burckmyer* v. *Mairs,* Riley [S. C.], 208; *Boone* v. *Thompson,* 17 Tex. 605; *Smith* v. *Maine,* 25 Barb. 33; Whart. on Ev. 698, 1124; *Hutchins* v. *Scott,* 2 M. & W. 809; *Falmouth* v. *Roberts,* 9 M. & W. 471.)

*William H. Sage* for respondent. There is no basis for the claim for services. (*Davidson* v. *W. G. L. Co.,* 99 N. Y. 566; *Clark* v. *Todd,* 41 N. Y. S. R. 758; *Kearney* v. *McKeon,* 85 N. Y. 137; *In re Strickland,* 22 N. Y. S. R. 901; *Moore* v. *Moore,* 3 Abb. Ct. App. Dec. 303.) The written memorandum cannot be made the basis of a claim because it was never communicated to Mr. Gallagher, nor was it ever delivered to anybody, nor is there anything to show that it ever saw the light or that the testator ever intended it to be acted upon. (*Smith* v. *Camp,* 58 Hun, 434; *Robinson* v. *Cushman,* 2 Den. 149.) Letters of instruction left by testators, and which are not incorporated in the will itself, are void and cannot be acted upon by executors. (*Booth* v. *Baptist Church,* 126 N. Y. 247.)

ANDREWS, Ch. J. The referee refused to give any force to the memorandum, either as an obligation or as constituting an admission by the decedent of any liability to the claimant. He held that it did not create an obligation, because it was never delivered, and that it could not be regarded as an admission, because the decedent retained it in his possession. He was clearly right upon the first question, but erred in respect to

the second.   It was an admission of a legal enforceable liability to the claimant for the sum stated therein.   The words, " I owe him that," imply a debt, and there can be no debt in a legal sense without a consideration to support it.   Both a debt and a consideration are implied in the words quoted.   The memorandum did not constitute a contract or promise upon which an action could be maintained.   It purported to be neither an agreement nor a promise.   It was simply a direction addressed to his executors for their guidance, and being outside of the will and an unattested instrument, had no legal or binding force either as a direction or an obligation.   But as an admission it was competent evidence, although the testator retained it in his possession.   An entry or memorandum made by a deceased person against his interest, found in his books or papers, is in general admissible against his estate in favor of a party seeking to establish the fact stated.   They are presumably truthful.   (*Govin* v. *de Miranda*, 140 N. Y. 474; Wharton on Evidence, § 128.)   The probative force which will be accorded to the admission depends upon the circumstances.   The memorandum in question was deliberately made by the testator for the purpose of charging his estate after his death, and its deposit with his will was consistent with an intention that it should be evidence that he was indebted to the claimant in the sum mentioned.   The appellate court decided that the memorandum was competent evidence as an admission, and that the referee erred in deciding to the contrary.   But it nevertheless sustained the judgment on the ground that the oral testimony furnished no sufficient evidence that the services proved were rendered under an expectation on the part of the claimant that he was to receive compensation or under an express or implied promise by the decedent to pay for them.   The court regarded the services as friendly offices which neither party understood would constitute the basis of a legal claim.   The claimant was bound under the claim presented to show or to give proof tending to show a legal liability of the decedent's estate for services rendered.   It may be admitted that the

oral proof standing alone would be an insufficient basis for a recovery for services rendered. It would be consistent with the view that what was done by the claimant was simply to discharge a duty to a friend in consideration of friendship alone. If the memorandum is wholly disconnected with the rendition of services, and cannot be considered in determining the question whether the services were rendered under circumstances entitling the claimant to compensation, it may well be that the error of the referee was harmless. The memorandum, as we have said, admitted a valid debt. But the particular consideration was not stated; and, unless the consideration was services rendered, and that could be found from the whole evidence, the proof of the memorandum did not aid the claimant in establishing the claim presented. There was no evidence of any indebtedness growing out of facts disconnected with the services. Services were rendered which might create a liability on the part of the decedent to the claimant if so intended by the parties. We think it was competent for a court or jury, in the absence of any other explanation, to connect by inference the memorandum with the services, and so furnish the element lacking in the oral proof, namely, that the services were rendered at the request of the decedent with the expectation that compensation would be made. It was certainly not unnatural that the decedent, who, as the evidence shows, called upon Gallagher whenever he was ill for aid, and whom Gallagher assisted in his business matters at such times, should wish to remunerate him, nor is it unreasonable to suppose that Gallagher might expect some pecuniary recognition of his services. The case does not call for any straining to defeat the claim in question, and we think that, the referee having erred in refusing to treat the memorandum as an admission, a new trial should have been granted so that the tribunal of first instance may pass upon the question presented upon a consideration of all the relevant facts.

The judgment should be reversed and a new trial ordered.

All concur, except GRAY, J., absent.

Judgment reversed.