(27 App. Div. 214.)

### KELLOGG v. OGDEN et al.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

CLAIMS AGAINST DECEDENT'S ESTATE.

In a proceeding brought on behalf of one G., an incompetent person, to secure payment of an alleged claim against the estate of one B., deceased, for services rendered, a witness testified that G. and B. were intimate friends; that the latter was frequently sick, and that during such times G. was called upon, and assisted B., and attended to business for him; but no specific request by B., nor any specific services, were shown. At B.'s death a signed memorandum, admitted in evidence, was found among his papers, addressed to his executors, and reading: "You will pay G. $500. I owe him that." *Held*, that the finding of the referee, that there was sufficient evidence of an actual rendition of services to require a recovery of the amount mentioned in the memorandum, was warranted.

Van Brunt, P. J., dissenting.

Appeal from judgment on report of referee.

Action by David M. Kellogg, as committee of the person and estate of Philip E. Gallagher, against William B. Ogden and another, as executors. From a judgment entered on the report of a referee, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William H. Sage, for appellants.
Frederick H. Kellogg, for respondent.

RUMSEY, J. This is a proceeding begun by a reference of the claim under the statute against the executors of the will of Nathan Brewster, deceased. Brewster died in the latter part of October, 1893. For many years before that Brewster and Gallagher had been intimate friends. After the death of Brewster there was found among his papers a memorandum reading as follows:

"New York, June 15th, 1891.

"To My Executors and Executrix, William B. Ogden and Lizzie Walton: I have made a will, and you are mentioned as above. You will pay Philip E. Gallagher five hundred dollars. I owe him that. He is my old friend, and may be too modest to put in a claim.

"[Signed]          Nathan Brewster."

After the death of Brewster, Gallagher made a claim for this sum of $500 against the estate, payment of which was refused by the executors, and thereupon this reference was agreed upon. The action has been twice tried. Upon the first trial, the only evidence produced by the plaintiff was the memorandum itself. It was not supplemented

by evidence of any services actually performed by Gallagher for Brewster. The referee held that the paper, never having been delivered by Brewster to Gallagher, did not operate as a contract, and that it was not sufficient as an admission to show the actual rendition of the services for which Brewster was liable, and therefore dismissed the complaint. His judgment was affirmed by this court (36 N. Y. Supp. 1081); but, upon consideration by the court of appeals, the judgment was reversed, and a new trial ordered, that court holding that this paper was an admission of a legal and enforceable liability to the claimant for the sum named therein (In re Gallagher, 153 N. Y. 364, 47 N. E. 450). The court say the words, "I owe him that," imply a debt, and there can be no debt, in a legal sense, without a consideration to support it. Both a debt and a consideration are implied in the words quoted. But it was said that, admitting that the memorandum, standing alone, would be an insufficient basis for a recovery for services rendered, it was held that the plaintiff could recover upon showing that services were actually rendered, and that upon that proof it would be competent for a referee to connect the memorandum with the services, and infer from that that they were rendered at the request of the decedent, with the expectation that compensation would follow. So it will be seen that the rule laid down by the court of appeals applicable to this case was that the plaintiff would be entitled to recover if, in addition to proof of the memorandum, he showed the actual rendition of services by Gallagher for Brewster. If that proof were made, then it would be for the referee to say whether or not there was sufficient evidence of the rendition of services to require a recovery of the amount mentioned in the memorandum, and, that determination having been made by him, this court should not reverse it, unless it can see that the conclusions of the referee were not warranted by the evidence. The plaintiff made the necessary proof upon this trial by the evidence of one Nichols, who testifies as to the intimacy of Brewster and Gallagher; that Brewster's health was not good, that he was a confirmed invalid, and had frequent spells of sickness; that during such times Gallagher was called upon by him, and assisted him; and that he attended to business for Brewster during his illnesses. The witness was unable to give any specific request for services by Brewster to Gallagher, nor was he able to tell any specific thing that he knew of Gallagher's doing for Brewster, but he said that he did know that at certain times when Brewster was away, and also during his sicknesses, Gallagher attended to all the business for Brewster. This testimony of Nichols was not disputed. While the testimony in itself is vague and inconclusive, yet it is not disputed, and is clearly sufficient to establish the fact that Brewster was in the habit for several years before his death of calling upon Gallagher to attend to certain matters for him when he himself was unable to do so, and that Gallagher was in the habit of doing it. When there is added to these facts the admission contained in this memorandum to the effect that Brewster owed Gallagher $500, it is clearly sufficient, in the absence of any explanation or contradiction, to warrant the finding of the referee.

The defendants complain that the referee erred in allowing costs against the executors. The finding of the referee is that the claim

was presented within the time limited by the notice, as prescribed by law, and that the payment was unreasonably resisted. It is claimed by the executors that there was no sufficient evidence of the presentation of the claim within the time prescribed by law. It seems that a notice had been published by the executors requiring the presentation of the claims at a time which expired on the 1st day of August, 1894. It was testified by the former attorney for Gallagher that he presented that claim on the 30th of July, and such was the finding of the referee. It is quite true that there were certain circumstances which threw doubt upon the accuracy of the statement of the attorney, but, upon the whole case, the matter was clearly one for the determination of the referee, and cannot be reviewed here. We cannot say, either, that the referee was not correct in his conclusion that the claim was unreasonably resisted, at least after the determination of the court of appeals. The opinion of that court afforded a very strong intimation that the paper itself upon which the action was based would have afforded to the executors a sufficient excuse for paying the amount which they were therein directed to pay, and, in view of that fact, we cannot say that the referee erred in holding that the claim was unreasonably resisted.

The judgment, therefore, must be affirmed, with costs to the respondent. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. I cannot concur in the opinion of the court. Although the court of appeals held that the memorandum made by Mr. Brewster, and found after his death in his box in the Safe-Deposit Company, was admissible in evidence, yet it also held that it was not sufficient of itself to justify a recovery, and that it was necessary to connect the memorandum with services rendered, and so furnish evidence that the services were rendered at the request of the decedent with the expectation that compensation would be made. It was attempted to do so in the case at bar by the evidence of one Nichols, who testified that the claimant, Gallagher, and Mr. Brewster were intimate friends; were together almost every evening; and that Gallagher rendered services for Mr. Brewster, and also attended to some of Mr. Brewster's business. When asked what services Mr. Gallagher had ever rendered Mr. Brewster, or what matter of business he had ever attended to for him, the witness was unable to specify a single thing that Gallagher had ever done for Brewster. He was wholly unable to tell us what he considered a service, or what he considered attending to the business of Mr. Brewster; and yet a majority of the court are of the opinion that this evidence was sufficient to show that Gallagher had rendered services to the decedent. Nichols is thus permitted to give his conclusion that services were rendered and business attended to by Gallagher for Brewster without giving to the court the slightest intimation upon what that conclusion is based. He determines for himself whether these things, which he is unable to describe and of the nature of which he can give no idea, were services rendered to Mr. Brewster. The prevailing opinion states that no evidence to contradict Mr. Nichols was given. It is difficult to see how anybody could contradict, when nothing had been sworn to except Mr. Nichol's conclusion that at some

time, under some unknown circumstances, Mr. Gallagher had rendered to Mr. Brewster some services of some kind or other. It seems to me that, if such testimony is to be dignified by the name of proof, then the rule that the conclusions of witnesses are not evidence is abolished.

The judgment should be reversed.