CHRISTIAN JENSEN AND OSCAR H. JENSEN, RESPONDENTS, *v.* W. S. McCORNICK, APPELLANT.

20 355
26 145.

*Evidence—Hearsay—Declarations of Third Persons—When Admissible.*

Declarations of third persons are inadmissible in evidence on the ground that they are hearsay, when it does not appear that they were a part of the *res gestœ*, or were made in the presence of the party sought to be charged, and acquiesced in by him.

(Decided October 24, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action to recover money obtained on a certificate of deposit and for the cancellation of a certain note or the value thereof. From a judgment for plaintiff, defendant appealed. *Reversed.*

*Messrs. Pierce, Critchlow & Barrette,* for appellant.

The court erred in permitting the plaintiffs to testify to what the Studebakers told them relating to the title to the wagons. This was hearsay. *McClure* v. *Sheek,* 4 S. W. 554; 68 Texas 426.

It was error to permit plaintiffs to testify concerning the title to the property. 2 Jones on Evidence, Secs. 438, 446.

*A. V. Taylor, Esq.,* for respondent.

Counsel for appellant claim that the testimony of Jensen, his son and Johnson in reference to the statements made to them by Studebaker and Bitner was hearsay. Such is not the case. It was original, primary evidence for the reason that it was submitted to show the reason why the respondents declared the pending sale off. It was not offered to prove the truth of the statement, but that the statement was made. Am. & Eng. Enc., Vol. 5, p. 361.

"The rule is settled that in the sale of personalty there is an implied warranty of title when vendor sells, as owner or under circumstances implying an affimation of ownership, personalty of which he is in possession."

Am. & Eng. Enc., Vol. 10, p. 117. (See English and American rule discussed, p. 120, id.) Benj. on Sales, Vol. 2, (4 Am. Ed.), Secs. 948, 958, and 961. *Scott* v. *Hix,* 62 Am. Dec. 460–465. 21 Cal. 458.

Miner, J.

It appears from the complaint and record in this case

that plaintiffs negotiated with the defendant McCornick and one Katz, for the purchase of their respective separate interests in the Domestic Laundry, including the lease and good will. Part of the goods constituting the plant were held by McCornick while Katz claimed the lease and an interest in the plant. Plaintiffs did not wish to purchase the plant unless they could obtain the interests of both, and unless the transfer of both their interests should be made. The price was agreed upon for both interests. Plaintiffs were to pay McCornick $700, and execute a note for $307, for his interest. A certificate of deposit endorsed in blank for $800, and the note of $307, were left in the care of McCornick, until the transaction could be completed thereafter with Katz. An assignment of all of the interest McCornick and Katz had in the property, respectively, was made and left with the papers in the hands of McCornick, pending the completion of the negotiations. Soon after it was discovered, as plaintiffs claim, that McCornick and Katz could not give or transfer a complete title to the property. In the meantime McCornick had obtained cash on the certificate of deposit left with him, and the plaintiffs had cashed the check given by McCornick, as the difference between the face of the certificate and the amount he was to pay in cash. Thereupon plaintiffs demanded a return of the note and certificate of deposit, or cash allowed thereon, and tendered back the $100.00 they had drawn on the McCornick check, which demand was refused.

McCornick denied the allegations in the complaint, claimed the negotiations had been completed, and the property transferred when the payment was made, and claimed that he had nothing to do with the Katz interest.

This action was brought to recover the money obtained

on the certificate of deposit, and for the cancellation of the note, or the value thereof.

Christian Jensen, one of the plaintiffs, was called as a witness in his own behalf, and testified among other things, that the transfer of all of the interest of McCornick and Katz was made to him as trustee, but the transfer was not delivered; that all the papers lay on McCornick's table; that the transfer read that they transferred all their right, title and interest to Jensen as trustee; that the morning following the transaction, as above stated, witness went to the office of Mr. Bitner, agent for the Troy Laundry & Machine Company, who held the lease given to Katz on the machinery, and talked with him about the title to the property. McCornick and Katz had previously stated to witness that the two large wagons and harness were not paid for in full, but that the two small wagons and harness and the balance of the property was paid for. Thereupon counsel for plaintiffs put the following question to witness: "Did Bitner consent to the transfer of the lease?"

Defendant objected to the question because it was incompetent, irrelevant, immaterial and hearsay. The objection was overruled and an exception taken by defendant. Thereupon the witness answered that Bitner said he would not transfer the lease unless $900 was paid on it, and witness stated the conversation between himself and Bitner upon that subject, in the absence of the defendant. The defendant moved to strike out the conversation, which motion was denied on plaintiffs' promise to show that the conversation was communicated to McCornick. Soon after witness went to see the Studebaker Wagon Co. about the title to the two light wagons and harness. Under objection on the part of the defendant to any evidence relating to the title to the Studebaker wag-

ons, because it was incompetent and hearsay, and that no failure of title was pleaded or relied upon, the Court permitted the witness to state, on plaintiffs' promise to show that it was afterwards communicated to McCornick, that he asked the Studebaker Company if the wagons, embraced in the sale, were clear, or if they had anything against them. That Studebaker's agent replied that there was $70 and interest against the two little wagons; that he asked the agent if he (witness) dealt with McCornick, would they let him have the light wagons, and they said no; that they would not even if witness put up for them what was due on them; that they would not let one wagon go unless witness took them all, and put up the full amount.

On Tuesday morning the witness told McCornick the deal was off because Katz could not transfer, and the wagons were not clear. McCornick refused to give back either the money paid or the note.

Other witnesses were called on the part of the plaintiff, and were allowed to testify, under objection that it was incompetent and hearsay, and that no warranty of title was shown, what Studebaker's agent said, in the absence of defendant, concerning his liens and claims to the wagons, and that their lien was over $400, and that he refused to give them up unless plaintiffs paid the amount due thereon.

The only testimony on the part of plaintiffs tending to show that McCornick and Katz could not give a good title to the two wagons or obtain a transfer of the lease, was shown by these declarations, and the Court instructed the jury among other things, that if McCornick and Katz could not give a good title to the property and make a transfer of their interests, the transaction would not amount to a sale, and McCornick would be liable.

Defendant afterwards moved to strike out this hearsay testimony, which motion was denied.

We are of the opinion that the court erred in allowing the witnesses to testify to the conversation with Bitner and Studebaker's agent, and in allowing their declarations to be admitted in evidence, in the absence of the defendant. The declarations were clearly hearsay, incompetent, and prejudicial to the defendant.

What Bitner, a stranger to the record, said concerning Katz's interest, and his own, and the transfer of the Katz lease, was not competent evidence against McCornick. Katz was not a party to the action, and McCornick not being present should not be prejudiced by the declarations of a third party.

The plaintiffs were seeking to show by heresay testimony, in the absence of the defendant, that the title of McCornick and Katz to the property was incumbered and imperfect, and that a transfer thereof could not be obtained as a reason why the plaintiffs could not be bound by the contract of sale. The plaintiffs tendered the issue that the defendant's title was imperfect, and that he could not convey a perfect title to the wagons. This was the burden of their complaint, and the reason given for not completing the transaction, if it was not completed, both in the complaint and admitted proof.

If the fact of the failure of the title was competent, and it appears to have been so, the plaintiffs should have called and have sworn the witnesses conversant with the facts, and not have relied upon the unsworn declarations of strangers to the record, made in the absence of the defendant, to prove their case. Bitner and Studebaker's agent knew what they meant to communicate, but the witnesses did not know. The witnesses might not have heard or repeated correctly what they heard, or supposed

they heard. The conversation might have been had in accordance with a previous agreement between them for the purpose of being used in the case, if necessary. By such admissions the defendant could easily be taken by surprise and precluded from the benefits of a cross-examination, because all the witness would have to say was that he had been told so and so, and there the inquiry would stop. A person who relates a heresay is not required to enter into any particulars, solve any inconsistencies, explain any obscurities or remote ambiguities. He simply falls behind the assertion that he was told so and so, and leaves the responsibility entirely upon an absent author of the statement. The propriety of admitting such testimony as primary evidence is against sound reason and principle, and would awaken distrust and create uncertainty in legal proceedings. This class of testimony should never be resorted to as long as primary evidence exists of the fact.

The only way the statements of Bitner and Studebaker's agent could be of any avail to the plaintiffs was by calling and making them witnesses in the case. They were competent to testify to the incumbrance or failure of title to the property in question. What they may have said out of court concerning it, in the absence of defendant and the parties in interest, is clearly hearsay and incompetent.

Plaintiffs did not state to McCornick the conversation had with Bitner and the agent of Studebaker, but simply stated that Katz could not transfer, and that the wagons were not clear. What was said by plaintiffs to McCornick on the subject of title was competent on the trial, but what was said by Studebaker's agent, or Bitner to plaintiffs, in the absence of defendant, was not competent evidence on the trial, even if communicated to McCornick thereafter.

In *McClure* v. *Sheck*, 4 So. Rep. 552, plaintiff offered in evidence the declaration of one in charge of cattle in question, to the effect that they belonged to S., through whom plaintiff claimed, and it was held that the evidence was strictly heresay, and properly excluded.

Such declarations of third parties are inadmissible in evidence on the ground that they are hearsay, when it does not appear that they were a part of the *res gestæ*, or were made in the presence of the party sought to be charged, and acquiesced in by him. 9 Am. & Eng. Enc. of Law, (2d ed.) 6. *Coleman* v. *Southwick*, 9 Johns, 45.

In *Coleman* v. *Southwick*, *supra*, it was held that where A. published a libel taken from a paper published by B., as an extract from a paper published by C., it was held in an action brought by C. against A. that the testimony of D. that he heard A., before he published the libel, ask E. whether he had not seen it in the paper of C., and E. answered that he had, was inadmissible, in mitigation of damages, but that E. himself should have been produced.

In this view of the case it is unnecessary to discuss the other objections presented in the record.

The case is remanded to the district court, with instructions to grant a new trial, and if desired, to allow such amendments to the complaint or answer as the parties may properly make.

Appellant is entitled to costs.

BARTCH, C. J., and BASKIN, J., concur.