A paper entitled "Liabilities and Assets of W. H." contained an exhibit of the conditions of his estate, and at the end, over his signature, was a statement that he owed his wife for "home keep" for 17 years to an amount of $25,500. It was never delivered to the wife during the lifetime of the husband. *Held* not an obligation from the husband to the wife, but a mere admission of indebtedness.

2. SAME—EVIDENCE.

    A claim of a wife against the estate of her deceased husband showed that he had been one of her boarders before his marriage to her, and that she thereafter supported him gratuitously in her house until he died intestate; that he executed a statement of his liabilities and assets while involved in business trouble, showing an indebtedness to her for his board. *Held* insufficient to support a claim of the wife to the amount of the alleged indebtedness as against his estate, where it would practically exhaust the estate, and leave nothing for other creditors.

In the matter of the judicial settlement of the account of Ann Hamilton, administratrix of William Hamilton, deceased. Decree rendered.

George Finck, for claimant.

Carter, Hughes & Dwight, for contestants.

THOMAS, S. The paper in the handwriting of the decedent, and signed by him, was never delivered, and never came to the knowledge of the widow, now the administratrix and claimant, until after her husband's death. It is entitled "Liabilities and Assets of W. Hamilton," and is nothing more than a list or balance sheet, showing the condition of his estate as he understood it. The larger of the claims against the estate is based on these words at the end of this paper, to wit: "I owe Mrs. Hamilton for home keep for seventeen years, at $1,500 per year, the amount of time I have been in business, which amounts to $25,500." (Signed.) These words, as forming a part of such an undelivered paper, do not constitute a promissory note or commercial specialty entitled to the presumption of being supported by a valuable consideration. Not only is this so because of the fact of nondelivery, but the same rule would have applied if the paper had been duly delivered with intent to evidence an obligation. Devo v. Thompson, 53 App. Div. 9, 65 N. Y. Supp. 459. Because of nondelivery it cannot be treated as an obligation of any kind upon which an action could be based, and its only force or value is as an admission. Gallagher v. Brewster, 153 N. Y. 364, 47 N. E. 450. Standing alone, this admission as to the legal conclusion of indebtedness would not suffice to justify its allowance as a claim, and proof was given before the referee of the facts upon which the debt was claimed to exist. It was shown that

prior to the marriage of the decedent the claimant was carrying on the business of keeping a boarding house, and the decedent was one of her boarders. Subsequent to the marriage, the claimant continued to keep boarders, in a house owned and furnished by her, for nearly the entire 17 years of her married life; and the business was only interrupted for a few years, during which she rented part of her house in furnished rooms. During all of this time she paid the entire expense of the management of the house and the supplying of the table from the receipts of her business. The decedent resided in her house, and was boarded and lodged there, and at her charges; and he never paid to the claimant any sum for such board and lodging. No proof is made of the value of the board and lodging so received. It is not claimed that any contract for payment therefor had been made, and, on the contrary, evidence was introduced on behalf of the claimant of declarations of the decedent to the effect that his food and lodging were supplied to him gratuitously by her. Shortly before the death of the decedent he became involved in business troubles, and was sued upon a claim arising out of one of his transactions, and was threatened with other suits of a similar kind. This caused him great anxiety, and he prepared the paper upon which the claimant relies for the purpose of creating evidence of a demand in her favor, more than sufficient to exhaust his entire estate, and thus to protect her in the possession of his property as against his creditors. This paper he placed in the hands of his attorney, and I do not find any competent evidence in the record that it ever reached the possession of the claimant until after his death. It could hardly be claimed that on these facts, and apart from the writing of the decedent, a legal cause of action existed against the decedent for any sum whatever. The relation of the parties repels any presumption of a promise to pay for food and lodging furnished, and requires a presumption that such food and lodging were gratuitous. Ross v. Hardin, 79 N. Y. 84, 90; Lind v. Sullestadt, 21 Hun, 364, 366; Sullivan v. Sullivan, 6 Hun, 658; Hendricks v. Isaacs, 117 N. Y. 411, 418, 22 N. E. 1029, 6 L. R. A. 559. The proof insisted upon by the claimant as a part of her case is that the decedent understood that no charge was being made against him for the privileges accorded to him in his wife's house, and no pretense is made of any contract for payment. The confessed purpose of the admission of indebtedness deprives it of its force, and leaves it, at the best, as an attempted testamentary paper void for lack of due execution. The learned counsel for the claimant urges with much earnestness that it is equitable that a faithful wife, whose industry and economies have served to increase her husband's estate, should be favored, rather than his mother or brothers, in its distribution. If the decedent had made a will expressing such a principle, it might have met our approval; but on his death the law fixes the rights of the living in the property that was his, and we may not lawfully admit an unproven claim to bring about what we conceive to be a beneficent result. On the contrary, the law requires that claims against the estates of the dead are to be carefully scrutinized, and sustained only on clear proof. Van

Slooten v. Wheeler, 140 N. Y. 624, 633, 35 N. E. 583; In re Marcellus, 165 N. Y. 70, 76, 58 N. E. 796. These considerations render it unnecessary to consider the effect of the statute of limitations or other questions argued before me. The findings and conclusions of the learned referee inconsistent with this memorandum, in sustaining the claim for $25,500 and interest, will be reversed. The claim for $3,300 and interest, for money loaned, was properly allowed, and such allowance, and all other matters included in the report, are affirmed.

Decreed accordingly.