DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

MAY TERM, 1903.

CHRISTIAN JENSEN and OSCAR H. JENSEN, Respondents v. W. S. McCORNICK, Appellant, CHARLES JOHNSON and CARL W. HEDE-LIUS, Defendants.

No. 1413.    (72 Pac. 630.)

2. **Sale of Personalty: Title: Existence of Lien: Evidence.**
   In an action to recover money paid under a contract for the sale of personalty, where it was in issue whether certain wagons included in the property sold had been paid for by the seller, whether the buyer agreed to accept the wagons if they were not paid for, and whether a lien attached to the wagons, notes given by the seller, and providing that the title should not pass until the wagons were paid for, were properly admitted in evidence; it having been admitted that the wagons were not paid for.

3. **Same: Evidence: Conclusion.**
   In an action to recover money paid under a contract for the sale of personalty, a party who represented the prospective buyer in the transaction was asked why he refused to join with the buyer in suing the seller to recover the money paid. *Held*, that the question was properly excluded as calling for a conclusion.

4. **Same: Evidence: Private Reason: Immaterial.**
   The question was further objectionable as being immaterial, inas-

(142)

much as the plaintiff in the action could not be bound by some private reason of the other party.

5. **Same: Evidence: Privity of Interest.**
In an action to recover money paid under a contract for the sale of personalty, evidence as to a conversation between witness and a party who was carrying on the negotiations for the sale on behalf of the buyer was inadmissible, in the absence of any evidence showing partnership, joint tenancy, or other interest between them and the party acting in his behalf which would make the statements of the latter binding on the former.

1. **Same: Appeal: Conflicting Evidence: Verdict.**
The verdict of a jury will not be questioned on appeal where the evidence is conflicting.

(Decided May 12, 1903.)

Appeal from the Third District Court, Salt Lake County.—<i>Hon. S. W. Stewart</i>, Judge.

Action to recover money paid under a contract for the sale of personalty. From a judgment in favor of the plaintiffs, the defendant, McCornick, appealed.

AFFIRMED.

*Messrs. Pierce, Critchlow & Barrette* for appellant.

If the parties have a joint interest in the matter in suit, an admission made by one is evidence against all. This proposition of law is supported by a long line of authorities. In fact there seems to be no dispute about it. The following case is exactly in point: Rotan v. Nichols, 22 Ark. 244.

We invite attention, also, to the following authorities: Gillett, Indirect and Collateral Evidence, sec. 26, and cases cited; 1 Jones on Evidence, sec. 253; 1 Greenleaf on Evidence (14 Ed.), sec. 172. 174; Wharton on Evidence, sec. 1197; Taylor on Evidence, sec. 750; 1 Phillips (1849 Ed.), sec. 378; Armstrong v. Farrar, 8 Mo. 627; Hurst v. Robinson, 13 Mo. 82, 53 Am. Dec.

134; Black v. Lamb, 12 N. J. Eq. 108; Bound v. Lathrop, 4 Conn. 336, 10 Am. Dec. 147.

*Messrs. Snyder, Westervelt, Snyder & Wight* for respondents.

The test of admissibility of admissions made by any other person than the one making them, is that such other person must be the agent of the person against whom they are offered, or stand in the relation to him to imply agency, as a partner or joint tenant. They are admitted as controlled by the maxim, "*qui facit per alium, facit per se,*" and neither a community of interest nor that of joint tenants justifies their admission. Gill Ind. & Col. Ev., 27; Jones Ev.. sec. 254, note 10; Greenl. Ev. (16 Ed.), sec. 174, notes 1-4, 176, note 6; 1 Am. and Eng. Ency. Law (2 Ed.), 706-707; Dan v. Brown, 4 Cow. 483; The New Orleans, 106 U. S. 13; Wonderly v. Booth, 19 Ind. 169; Eakle v. Clarke, 30 Md. 322; Fox v. Waters, 40 Eng. C. L. 18-23; Scholey v. Walton, 12 M. & W. 509; McCune v. McCune, 29 Mo. 117; Wallis v. Randall, 81 N. Y. 164; Petrie v. Williams, 23 N. Y. 237; Roberts v. Kendall, 3 Ind. App. 339, 29 N. E. 487; Thurman v. Blankenship, 79 Tex. 171, 15 S. W. 387.

BOOTH, District Judge.—The plaintiffs (respondents) bring this suit against the defendant (appellant) W. S. McCornick to recover from the latter the sum of $700. Johnson and Hedelius are made defendants because they refused to join as plaintiffs.

The complaint alleges, in substance, that some negotiations were entered into between the plaintiffs, Johnson, and Hedelius, on the one side, and McCornick and Katz, on the other, relating to the purchase by Jensen et al. from the said McCornick and Katz of the Domestic Laundry, at a price agreed on. The interests of McCornick and Katz were separate, and the purchasers were to receive the property of the defendant

McCornick free from all incumbrances. The agreed price of the latter's interest was $1,007, of which $700 was paid by an $800 certificate of deposit delivered by plaintiffs to McCornick; the latter giving them a check for $100, and the purchasers executing a note for $507 in favor of the vendor, on which note there was immediately indorsed as paid the sum of $200. McCornick executed a bill of sale of his interest. This was on Saturday night, June 25, 1898. The papers were all kept with McCornick at his bank, and the parties were to meet the next day, or at some future time, when Katz' interest could be secured, and then complete the bargain. In the meantime the plaintiffs learned that there were incumbrances on the property, and that a complete title could not be obtained; and on Monday, June 27th, the plaintiffs declared the negotiations off. The certificate of deposit for $800 and the check for $100 had been cashed. The plaintiffs tendered McCornick $100 gold coin, and demanded back the certificate and note, and McCornick refused to do either or return the $700. The answer of McCornick denied the allegations of the complaint, and held that the negotiations had been fully completed by a transfer of his interest in the property, and that his part did not depend on that of Katz. This action seeks to recover the money received on the deposit certificate, and the cancellation of the note, or recover the value thereof. The case was tried in the district court, and judgment obtained for the plaintiffs. The case was appealed to this court, and the judgment reversed, and sent back for a new trial. Jensen v. McCornick, 20 Utah 355, 58 Pac. 834. On the second trial, judgment was again rendered for the plaintiffs, and the defendant McCornick appeals. Johnson and Hedelius do not appear to have any interest in the matter.

A large part of the record in this case deals with the evidence, and the conflict therein. This court has held uniformly, and in so many instances, that a verdict of a jury will not be questioned where the

26 Utah 10

evidence is conflicting, that it is not necessary to cite cases on that question.

The alleged errors relied on by the appellant are, first, that the court admitted in evidence plaintiffs' Exhibit E, which was a note given by the Domestic Laundry and Chapman-Katz Company for two wagons used in the business and included in the sale, on which wagons there was a subsisting vendor's lien, and which note provided that the title should not pass till the wagons were paid for. It is admitted that the said wagons were not paid for. The questions of fact being in issue by the pleadings as to whether the wagons were paid for, whether the plaintiffs agreed to accept the wagons if they were not paid for, and whether a lien attached to the wagons, it was proper to admit the exhibit, that the jury could more intelligently determine those questions, and the court committed no error in its reception as evidence.

Charles Johnson, the defendant, was produced as a witness for plaintiffs, and testified concerning the transaction. On cross-examination he was asked the question: "Why did you refuse to join with the plaintiffs in suing Mr. McCornick?" It was objected to as immaterial. The objection was sustained, and an exception taken by the defense. It appears in the pleadings that, although the negotiations were carried on and the alleged purchase was made by and for the plaintiffs and Charles Johnson and Carl W. Hedelius, nevertheless Johnson and Hedelius refused to join with plaintiffs in the suit. This question was improper. It asked for a conclusion. It was immaterial, as asked. The plaintiffs could not be bound by some private reason of Johnson why he would not join as plaintiff.

Mrs Edith Lomax Evans, a witness produced for the defendant, testified that she was working for the Domestic Laundry on Monday, the 27th day of June, 1898; that she saw defendant Charles Johnson there, and had a conversation with him—and was asked to give the conversation, whereupon the fol-

lowing proceedings were had: "Objected to as irrelevant, incompetent, and hearsay. It does not appear to have been in the presence of Mr. Jensen, and he is not bound by it." The proof in this case does not show a partnership or joint tenancy or other interest between the plaintiffs and Johnson, so as to make the statements· of any one of them, made in the absence of the other, binding on the absent one. It is admitted that the statement of Johnson to the witness Evans, whatever it might be, was not made in presence of either of the plaintiffs, and the court properly sustained the objection.

We find no reversible error in this case, and the judgment of the district court is affirmed, with costs to the respondents.

. BASKIN, C. J., and BARTCH, J., concur in result.