THE UNITED STATES FIDELITY AND GUARANTEE, ETC.,
COMPANY, APPELLANT, v. CALEB J. COATSWORTH
ET AL., RESPONDENTS.

Submitted July 5, 1920—Decided November 15, 1920.

In a suit on notes by a transferee, without consideration, the case,
so far as the admissibility of statements made by the payee of
the note is concerned, stands in the same situation as if the suit
had been brought by the payee herself, and statements made by
her after the giving of the notes, either oral or written, showing
that they were not intended as acknowledgment of any indebted-
ness on the part of the makers to her, but merely as evidences of
the receipt by the makers of gifts from the payee are provable
against the plaintiff as admissions against interest, and as con-
tradictory of the right to enforce payment.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Ulysses G. Styron* and *Hutchinson &
Hutchinson*.

For the respondents, *Lewis Starr*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was founded upon
two promissory notes, one dated November 1st, 1900, for
$11,000, and the other dated November 28th, 1900, for $7,-
500. Both notes were drawn to the order of Maryetta W.
Larrabee, were payable on demand after ninety days' notice,
and were made by Ruth A. W. Coatsworth and Caleb J.
Coatsworth, who were the daughter and the son-in-law of
Mrs. Larrabee. The suit was begun by Caleb J. Coatsworth,
Jr., who claimed to hold the notes as a gift from Mrs. Lar-
rabee. Afterward the fidelity and guarantee company was
substituted as the plaintiff, Coatsworth, Jr., having assigned
the notes to it pending suit. The trial resulted in a verdict in

favor of the defendants, and from the judgment entered thereon the plaintiff appeals.

This suit was begun in February, 1918. Mrs. Coatsworth died nearly six years earlier, and the parties defendant are her husband individually and as administrator of her estate, and her daughter, Ruth L. C. Hill, as her sole next of kin and her heir-at-law. Caleb J. Coatsworth put in no defence to the action, either individually or as administrator of his wife's estate. Mrs. Hill, however, set up several defences, the principal one of which was that these notes were given, not as evidences of indebtedness, but for the purpose of showing that Mrs. Coatsworth, at the time when the notes bear date, had received from her mother the amounts of money specified therein, as gifts by way of advancements from the mother's estate, and that it was not intended, either on her part or that of her mother, that they should be enforceable as valid obligations against herself or her husband.

The ground of appeal principally relied upon for the reversal of this judgment is that the trial court erroneously admitted in evidence certain documents offered on behalf of Mrs. Hill in support of this defence. These documents consisted of three papers, one a memorandum in Mrs. Larrabee's handwriting in the following words and figures:

"Coatsworth.

| | |
|---|---|
| Nov. 1st, 1900..................... | 11,000 |
| Dec. 1st, 1900..................... | 7,500 |
| April 30th, 1901.................. | 4,000 |
| May 1st, 1902..................... | 2,000 |
| June 14th, 1902.................. | 2.475 |
| | 26,975" |

Another was a draft of Mrs. Larrabee's will, duly executed by her before the death of Mrs. Coatsworth, and which contained the following provision: "Second: To my daughter, Mary L. Weld, I give the amount of Twenty-six Thousand

Nine Hundred and Seventy-five Dollars ($26,975) as being the same amount that I have given to my daughter, Ruth A. Coatsworth, under the following dates and amounts,

| | |
|---|---:|
| November 1, 1900 | $11,000.00 |
| December 1, 1900 | 7,500.00 |
| April 30, 1901 | 4,000.00 |
| May 1, 1902 | 2,000.00 |
| June 14, 1902 | 2,475.00 |
| | $26,975.00 |

the said amount to be hers absolutely." The third was a memorandum prepared by Mrs. Larrabee, apparently containing instructions for the preparation of her will, in which appears the following statement, "My daughter Ruth Coatsworth has been given twenty-seven thousand dollars."

The principal argument advanced on behalf of the plaintiff in support of its contention that these documents were improperly admitted in evidence is that Mrs. Larrabee was living at the time of the trial, and that her testimony as a witness was the best evidence of the facts recited in them; and, further, that the statements are mere hearsay.

We think the argument fallacious and that these papers were properly admitted in evidence. It is undisputed that all of them were prepared some time before Mrs. Larrabee is said to have endorsed these notes to Caleb J. Coatsworth, Jr. He said, himself, that he paid no consideration for them, and there is nothing in the case to show that the fidelity and guarantee company is a transferee for value. In its legal aspect, therefore, the case stands in the same situation, so far as the legality of this testimony is concerned, as if the suit had been brought by Mrs. Larrabee herself; and statements made by her after the giving of the notes, either oral or written, showing that they were not intended as acknowledgments of any indebtedness on the part of the makers to her, but merely as evidences of the receipt by the daughter of moneys given to her by her mother by way of advancements, would be prov-

able against her as admissions against interest, and as contradictory of her right to enforce payment on the notes. 14 *Cyc.* 172. That the writings in question tended to prove the purpose for which they were offered is apparent. Two of them contain an admission that on the very day on which one of the notes was signed, and two days earlier as to the other, Mrs. Larrabee had given to her daughter, Mrs. Coatsworth, by way of advancement, the exact amounts for which the notes were drawn; and there is no suggestion in the case that on these same days Mrs. Coatsworth received from her mother any other moneys than those mentioned in the writings. Clearly, then, the papers were competent evidence on the question whether these moneys were loans or gifts.

The only other ground of appeal argued is directed at the alleged erroneous allowance of questions asked of the defendant Caleb J. Coatsworth, Sr., when on the witness-stand, the reason alleged for their inadmissibility being that they were irrelevant and immaterial. The purpose of these questions was to draw from the witness an admission that, although he was a formal defendant on the record, he was, in fact, the moving spirit in the instituting of the suit; had assisted the plaintiff in its preparation, and was interested in its successful prosecution. Although these facts were irrelevant, so far as the issues between the parties were concerned, they were plainly material as tending to show the bias of the witness, and, so, affecting the credit to be given by the jury to his testimony.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.