Day, J.
 

 This is a proceeding in error to reverse the Court of Appeals of Licking county. The original action was one on account for services rendered. The account sued upon was as follows:
 

 
 *560
 
 Cora B. Clark, Administrator of Jonathan D. Bailey, Deceased, to Clara Latham, Dr.
 

 To nursing, work and labor and various services performed, including looking after business affairs of Jonathan D. Bailey, from November, 1920, to November 1, 1926.......................$2,000.00.
 

 This account was presented to the administratrix of the estate of Jonathan D. Bailey, was rejected, and the suit instituted.
 

 The answer filed by the administratrix admits her appointment, the presentation of the claim, and its rejection, and is a general denial of the averments of the petition.
 

 Upon the issues thus tendered, the parties went to trial, resulting in a verdict for the plaintiff below. This judgment was reversed in the Court of Appeals, upon two grounds: First, for the admission of evidence by the trial court of a certain note which was found among the papers of Jonathan Bailey after his death; and, second, for error in the charge of the court to the jury with reference to this so-called note.
 

 The record discloses, as to the admission of the instrument in question, as follows:
 

 “Q. What is your name? A. My name is Cora Clark.
 

 “Q. You are the defendant in this action! A. Yes, sir.
 

 “Q. You are the administratrix of the estate of Jonathan Bailey? A. Yes, sir; I am.
 

 “Q. You knew Jonathan Bailey in his lifetime, did you? A. Yes, sir; I did.
 

 “Q. He transacted considerable business at your bank, did he? A. Yes, sir.
 

 
 *561
 
 “Q. And you are familiar with his handwriting! A. Yes, sir.
 

 “Q. I will ask you whether that is his signature. (Hands note marked A to the witness.) A. Yes, sir; that looks like his signature — that is his signature.
 

 “By Mr. Fitzgibbon: I will offer it in evidence.
 

 “By Mr. Hite: We object to the introduction of it.
 

 “The Court: The court thinks that, as reflecting upon whether she rendered services, it is competent.
 

 “By Mr. Hite: Note an exception.”
 

 Said note, marked “A,” thereto attached and made part thereof, is as follows:
 

 “Homer, Ohio. September 29,1922.
 

 “I promise to pay to Clara Latham at my death the sum of two thousand dollars, without interest. Yalue received.
 

 “Jonathan D. Bailey.”
 

 Reverse side:
 

 One 10, two 8 and two 2 cent documentary stamps canceled with an X.
 

 Counsel for. defendant moved the court to strike from the record said note, marked A. The court overruled said motion, to which ruling of the court counsel for defendant then and there excepted.
 

 In the general charge the trial court instructed the jury as follows: “A note has been introduced here in evidence, but the court says to you that this suit is not upon the note. The suit is for services rendered by the plaintiff — claimed to have been rendered — to the decedent, Jonathan Bailey. The note was introduced and was permitted to go in evidence here solely for the purpose of reflecting upon the question of whether or not any such services were rendered, and it is not a suit upon a note given by
 
 *562
 
 Jonathan Bailey, the decedent, to the plaintiff in the case.”
 

 We understand it is conceded that this paper, marked “Exhibit A,” was found among the decedent’s effects after his death. The record shows the same was written by a third person, Bailey having poor eyesight. While the genuineness of the signature is put in issue by the general denial, the evidence is such that the jury might well have found that such signature was genuine, the defendant below presenting no testimony to the contrary.
 

 An examination of the record discloses that thé paramount issues before the jury were whether or not these services were in fact rendered by Clara Latham for her brother, Jonathan Bailey, whether there was an intention on her part to charge for these services at the time they were rendered, and whether there was an intention on the part of Jonathan Bailey to pay for said services.
 

 The trial court thought, as reflecting upon this issue of fact, this written instrument had some evidentiary bearing, and that, for such purpose, the same was competent.
 

 It must be distinctly understood that the action is not one upon a promissory note, nor has it anything to do with the law of negotiable instruments. It is simply a question as to whether this writing, signed by Jonathan Bailey, is in the nature of a declaration against interest and would have been competent against him if he had been living and a party to the action and had used the same language as disclosed in the written instrument.
 

 We think it well established that where a declarant was in a position to have knowledge of the facts,
 
 *563
 
 and such admission is against the interest of the declarant, as where it may be construed to amount to an acknowledgment of an indebtedness to some other person, such admission is to be received.
 

 A declaration against interest may be oral or in writing, and such written declarations may take various forms, such as accounts, deeds, depositions, entries, evidence given on former occasion, indorsements, inventories, letters. See 22 Corpus Juris, 236, 237, Section 220, and cases cited.
 

 Wills not admitted to probate, but signed by a testator, have been held admissible as declarations against interest.
 
 United States Fidelity & Guarantee Co.
 
 v.
 
 Coatsworth,
 
 95 N. J. Law, 108, 112 A., 313;
 
 People’s Savings Bank
 
 v.
 
 McInturff,
 
 147 Ark., 296, 227 S. W., 400;
 
 In re Gracie’s Estate,
 
 158 Pa., 521, 27 A., 1083.
 

 In the following cases promissory notes were admitted in evidence as against interest:
 
 Jensen
 
 v.
 
 McCornick,
 
 26 Utah, 142, 72 P., 630;
 
 Turrentine
 
 v.
 
 Grigsby,
 
 118 Ala., 380, 23 So., 666;
 
 Murdock
 
 v.
 
 Schindel,
 
 128 Md., 633, 98 A., 149;
 
 Taylor
 
 v.
 
 Greene,
 
 129 Mich., 564, 89 N. W., 343.
 

 We think this matter has been authoritatively decided by the Court of Appeals of New York in the case of
 
 Gallagher
 
 v.
 
 Estate of Brewster,
 
 153 N. Y., 364, 47 N. E., 450, the syllabus of which is as follows:
 

 “A memorandum made by a decedent, retained in his possession and found deposited with his will, directing his executors to pay the person named therein a certain sum, followed by the words, ‘I owe him that, ’ but not stating any particular consideration, although it has no legal or binding force either as a direction or as an obligation is competent evi
 
 *564
 
 dence against the decedent’s estate in favor of the person named therein, as an admission of a valid debt for the sum stated.
 

 “Where the person named in such a memorandum makes a claim against the decedent’s estate in the sum stated therein, for services rendered the decedent, which is contested and the oral proof shows the rendition of services which might create a liability on the part of the decedent to the claimant if so intended by the parties, but fails to show that they were rendered at the request of the decedent with the expectation of compensation, the memorandum may, in the absence of any other explanation, be connected by inference with the services and so furnish the element,lacking in the oral proof.”
 

 This case was decided in 1897, and was followed with approval in 1928 in the case of
 
 Miller
 
 v.
 
 Silverman, Admx.,
 
 247 N. Y., 447, 160 N. E., 910. The controversy involved the construction of memoranda found in the deceased’s safety deposit box, indicating that the contents of certain envelopes belonged to one Anna C. Miller. The weight to be given this memoranda was under consideration, the plaintiff Anna Miller contending, not that the memoranda were in themselves sufficient instruments of transfer, but that they constituted evidence that all acts necessary to the vesting of title in her had been performed. The court says in its opinion:
 

 “There can be no doubt of the correctness of the contention. * * * In
 
 Matter of Gallagher
 
 (153 N. Y., 364 [47 N. E., 450]) the court considered a writing wherein a testator had declared his financial obligation to the plaintiff. It said: ‘But as an admission it was competent evidence, although the tes
 
 *565
 
 tator retained it in Ms possession. An entry or memorandum made by a deceased person against Ms interest, found in Ms books or papers, is in general admissible against Ms estate in favor of a party seeking to establish the fact stated. They are presumably truthful. ’ ’ ’
 

 We deem the principle announced by these two New York cases as controlling in the present instance.
 

 This record does not show any transactions between Clara Latham and Jonathan Bailey involving any money except this single one of the services which were being rendered by the plaintiff in error for her brother. There was evidence tending to show that to divers people Bailey made acknowledgment of the fact that services were being rendered by his sister, and that he said “that Clara was going to get paid well for what she had done, because she had helped him out.” In response to the question, “Did he ever say he had things fixed to pay her, or arranged to pay her?” the witness replied, “I heard him say four or five times that he had things fixed, all but the signing up. He said that he could fix things in two minutes.” To another witness to whom he had talked concerning the making of a will, he said that he had not fully decided about the will, and added: “I don’t know just how I want it made, I might arrange it in some other way.”
 

 There was evidence tending to show the performance of the services, and evidence with regard to the question whether it was the intention of the deceased to pay for the same and that the same were rendered in expectation of compensation therefor, and we think the finding among the decedent’s effects of the
 
 *566
 
 written instrument signed by the deceased, which carried the promise to pay a fixed sum after his death to the person claiming to have rendered such services, was some evidence bearing on both questions — not only upon the question whether the services were in fact rendered, but upon the question whether there was an expectation to pay therefor on the part of the deceased.
 

 As above indicated, we do not regard this instrument in the light of a negotiable or promissory note, but rather as a declaration against interest, signed by the deceased during his lifetime; -and, as such, upon the issues joined between the parties, it was competent for the jury to consider for whatsoever light it might reflect upon such issues.
 

 It is suggested that there was a failure of ¿he trial court to explain the meaning of the word “reflect” in his instruction that this instrument might be considered by the jury as “reflating’ upon whether she rendered services,” and in the instruction of the court in the general charge, that “the note was introduced and was permitted to go in evidence here solely for the purpose of reflecting upon the question of whether or not any such services were rendered.” In Webster’s International Dictionary the word “reflect” is defined as meaning “to throw back light,” and we think that a word of such common use and generally accepted meaning needed no further explanation by the court, and that its use was a proper and an apt one under the circumstances. It was light upon the question whether or not the services were rendered that the jury wanted. If the word “reflect” carried that meaning to the jury, it surely was not misled, nor did it need any further instruction thereon.
 

 
 *567
 
 We think the trial court did not err in admitting the written instrument in question, cautioning the jury at the time of its admission, and in its charge, as to the sole purpose for which the jury might consider it.
 

 As to the question of the value of such services, the case of
 
 Hossler, Exr.,
 
 v.
 
 Trump,
 
 62 Ohio St., 139, 56 N. E., 656, dispenses with the necessity of expert testimony thereon, although this record discloses some testimony upon the reasonable value of that kind of service.
 

 Upon the grounds of error upon which the record discloses that the Court of Appeals based its reversal we find that the court of common pleas committed no error, and therefore the judgment of the Court of Appeals is reversed, and the judgment of the court of common pleas is affirmed.
 

 Judgment of the Court of Appeals reversed and judgment of the court of common pleas affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.